THE ROCHESTER, NUNDA AND PENNSYLVANIA RAILROAD COMPANY, Appellant, *v.* GEORGE M. CUYLER and others, Commissioners, &c., of the Town of Leicester, in the County of Livingston, Respondents.

SAME, Appellant, *v.* COMMISSIONERS OF MOUNT MORRIS, Respondents.

(GENERAL TERM, FOURTH DEPARTMENT, 1872.)

Commissioners appointed, pursuant to statute, to subscribe for stock in a railroad company, on behalf of a town, have no authority to bind the tax-payers of the town, except that which is derived from the petition presented to the county judge for leave to make such subscription, and from the statute which authorized such petition.

A subscription to a different company than that designated by the petition or for a larger amount of stock than that authorized thereby, is void.

*Held*, accordingly, that commissioners appointed to subscribe to the stock of a certain railroad company had no power, and the court would not compel them to subscribe for stock of a company formed by the consolidation of that company with another under a different name and having different termini.

The facts are fully stated in the opinion.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

MULLIN, P. J. The Rochester, Nunda and Pennsylvania Railroad Company applies to this court for an order requiring the commissioners appointed by the county judge of Livingston county to subscribe for stock in the name of said town of Leicester, and to issue bonds in payment of the same to the amount of $40,000, and to deliver the same to said company or deposit the same in the Genesee River National Bank.

The papers read on the motion disclose the following state of facts: On the 12th of January, 1872, the northern extension of the Rochester, Nunda and Pennsylvania Railroad Company was duly incorporated under the general railroad act passed April 2d, 1850, with a capital stock of $900,000.

In February, 1872, a petition signed by a majority of the tax-payers of Leicester, whose names appeared on the last assessment roll of said town, signed a petition addressed to the county judge of said county of Livingston, praying the appointment of commissioners to subscribe for $40,000 of the stock of said railroad company and to issue bonds in payment of the same. The petition contained the condition that said bonds should not be created or issued by said town of Leicester until so much of the Northern Extension railroad running through the town of Leicester and connecting the village of Mount Morris with the Central railroad in the town of Caledonia shall be completed and of the Central gauge.

Bartlett L. Cone, George M. Cuyler and H. W. Seller were appointed commissioners to carry into effect the prayer of said petition. After such appointment was made the said Northern Extension Railroad Company was consolidated with the Rochester, Nunda and Pennsylvania Railroad Company, and the Rochester, Nunda and Pennsylvania Extension Railroad Company, and the new company formed by such consolidation was called the Rochester, Nunda and Pennsylvania Railroad Company

The commissioners appointed by the county judge refuse to subscribe for stock or issue bonds on the grounds, amongst others, that the company in which the petitioners authorized a subscription for stock no longer exists, and they (the commissioners) have never been authorized to subscribe for stock in the new company.

The commissioners have no authority to bind the taxpayers of their town, except such as is derived from the petition and the statute that authorized it to be signed and presented to the county judge.

The power thus given is to subscribe for the stock or bonds of a railroad company named in the petition, and to an amount specifically designated. A subscription in a different company or for a larger amount is simply void.

The tax-payers are presumed to have informed themselves of the feasibility of the route over which the road for whose stock or bonds they are desired to subscribe is to be laid, the business that it will probably obtain, the character of the directors, and the benefits, pecuniary or others, that will result from the investment.

It cannot be known that consent would have been given to the subscription for stock or bonds in a company located upon a different line or with different directors or having different termini.

To permit the commissioners to subscribe for stock or bonds in a different company, other than the one designated in the petition, is to disregard wholly the wishes of the tax-payers, and to bind them by a contract into which they never intended to enter.

No subscription having been made in behalf of the town of Leicester before the consolidation of the companies which form the new or consolidated company, it is not bound by the agreement of consolidation or affected by the laws passed to confirm and enforce it.

Upon no principle can the commissioners be compelled to subscribe for stock or bonds in the new company.

The motion must be denied, with ten dollars costs.